UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Wilson et al., | Civil No. 13-210 (DWF/FLN) |
| Plaintiffs, | |
| v. | **ORDER** |
| Corning, Inc., | |
| Defendant. | |

———————————————————————

Christopher Young and Tiffany Blofield for Plaintiffs.
Jeff Baron for Defendant.

———————————————————————

**THIS MATTER** came before the undersigned United States Magistrate Judge on December 28, 2015 on Plaintiffs John Wilson and Wilson Wolf Manufacturing Corporation's ("Wilson") motion for protective order (ECF No. 344). For the reasons set forth below, the motion is **DENIED**.

**A.     Background**

Wilson initiated this lawsuit seeking (1) a declaration of invalidity or correction of inventorship regarding three patents in cell culture technologies, namely the development of the HYPER*Flask* and HYPER*Stack* products, and (2) damages for breach of contract, for unjust enrichment and constructive trust, for misappropriation of trade secrets, and for patent infringement. Compl., ECF No. 1. Pursuant to a July 22, 2015 stipulated amendment to the pretrial scheduling order, Wilson's damages expert, Carol Ludington, prepared a two hundred page report which was served on Corning, Inc. ("Corning") by the November 13, 2015 deadline. Order, ECF No. 306; Barron Decl. Ex. 6, ECF No. 356. Thereafter, Corning sought to depose Ludington before the December 16, 2015 deadline for service of its damages expert's rebuttal report. Mem. in Supp. of Mot., ECF No. 346. Corning served a valid subpoena noticing Ludington for deposition. ECF No. 356, Barron Decl. Ex. 7. Wilson brought the present motion for a protective order requesting that

the Court postpone Ludington's deposition until after Corning served its rebuttal report. ECF No. 344. Corning subsequently requested that the deadline for service of its rebuttal report be stayed pending the determination of Wilson's motion. ECF No. 350. The Court granted Corning's request on December 4, 2015. Order, ECF No. 351.

**B.     Analysis**

There is nothing in the Federal Rules of Civil Procedure that specifically precludes a party from deposing the opposing party's expert before service of its own rebuttal report. There is also nothing in the pretrial scheduling order that requires either party to wait to depose an opposition's expert until after serving its own report. After reviewing the parties' respective arguments, the Court concludes that Corning may depose Ludington before serving its rebuttal report. However, should Corning choose to depose Ludington before serving its rebuttal expert report, it will not be given a second chance later. Corning may only depose Ludington once. If Ludington is deposed before she has even seen Corning's rebuttal report, Corning would be hard pressed to argue at trial, that Ludington should be precluded from defending her opinions in her trial testimony. To the extent that Ludington's opinions at trial are refined in light of the opinions expressed in Corning's rebuttal report, (which, by Corning's design she had no opportunity to review before her deposition;) the Court is unlikely to find them to be new opinions precluded by Rule 26 or the terms of the scheduling order.

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' motion for protective order (ECF No. 344) is **DENIED**. Given the 24 days that have elapsed since the Court's Order to stay all deadlines related to the disclosure of expert reports, the pretrial scheduling Order is amended as follows:

1.     Rebuttal Expert Reports must be provided by January 9, 2016.

2. Close of Expert Discovery must be completed by February 8, 2016.

3. Dispositive Motions must be filed by February 22, 2016.

4. This case shall be ready for trial by September 18, 2016.

DATED: December 28, 2015                                          *s/Franklin L. Noel*
                                                                                                   FRANKLIN L. NOEL
                                                                                                   United States Magistrate Judge