# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| John R. Wilson and Wilson Wolf Manufacturing Corporation, | Civil No. 13-210 (DWF/TNL) |
| Plaintiffs, | |
| v. | **ORDER** |
| Corning, Inc., | |
| Defendant. | |

This matter is before the Court on a Motion for a Stay of Proceedings and for Certification under 28 U.S.C. § 1292(b) brought by Defendant Corning Inc. ("Corning"). (Doc. No. 537.) For the reasons set forth below, the Court grants in part and denies in part the motion.

The facts of this case have been thoroughly recited in prior orders. In short, Plaintiffs Wilson and Wilson Wolf Manufacturing Corp. (together, "Wilson Wolf") allege that Corning obtained Wilson Wolf's cell culture technology under a confidentiality agreement (the "CDA") and then wrongfully used that technology to develop and commercialize its own products and to file for and obtain patents claiming Wilson Wolf's technology as its own. The claims remaining in this action include breach of contract, correction of inventorship with respect to three Corning patents, and trade secret misappropriation.

On December 26, 2017, the PTAB issued a decision and judgment in an interference proceeding between Wilson and two Corning inventors invalidating claims

1-45 of Wilson's U.S. Patent No. 8,809,044 (the "'044 Patent"). (Doc. No. 540 ("Morrison Decl.") ¶¶ 1, 2, Ex. A ("PTAB Judgment"), Ex. B ("PTAB Decision").) On January 25, 2018, Wilson Wolf sought rehearing at the PTAB. (Doc. No. 527, Ex. 1.) On March 15, 2018, the request was denied. (*Id.*) Wilson Wolf then represented that it would appeal the PTAB Decision to the U.S. Court of Appeals for the Federal Circuit. (Doc. No. 507 ("Wilson Decl.") ¶ 17.) Corning also previously argued that the intervening judgment of the PTAB was grounds for summary judgment in its favor on all of Wilson Wolf's claims because the concepts invalidated in the '044 Patent are the same alleged to constitute trade secrets and confidential information. The Court determined that the PTAB Decision was not final for purposes of issue preclusion because the appellate process has not played out and denied Corning's motion. (Doc. No. 533 at 10.) For this reason, the Court denied Corning's motion for summary judgment. The PTAB Judgment is now on appeal before the U.S. Court of Appeals for the Federal Circuit. Corning moves to stay these proceedings pending the appeal and separately to certify the finality issue for review under 28 U.S.C. § 1292(b). The Court considers each motion below.

**I.      Motion to Stay**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *accord Arctic Cat Inv. v. Polaris Indus. Inc.*, Civ. No. 13-3579, 2015 WL 6757533, at *2 (D. Minn. Nov. 5, 2015). "A district court has broad discretion to stay proceedings when

appropriate to control its docket." *Sierra Club v. U.S. Army Corps of Eng'rs*, 446 F.3d 808, 816 (8th Cir. 2006). This power includes, for example, "the authority to order a stay of litigation pending the reexamination of a patent by the PTO," *Arctic Cat Inv.*, 2015 WL 6757533, at *2 (citation omitted), as well as the power to stay litigation pending review of an agency order by the Federal Circuit, *e.g.*, *Puget BioVentures, LLC v. Med. Device Bus. Servs., Inc.*, Civ. No. 3:17-503, 2017 WL 6947786, at *2 (N.D. Ind. Sept. 22, 2017). In considering whether to stay proceedings, the Court considers whether a stay will (1) unduly prejudice or tactically disadvantage the non-moving party; (2) simplify the issues in the infringement litigation and streamline the trial; and (3) reduce the burden of litigation on the parties and the Court. *Id*.

Here, Corning argues that consideration of these factors counsel in favor of granting a stay. First, Corning argues that Wilson Wolf will not be tactically disadvantaged or prejudiced by a stay. Corning submits that both parties have been aware for years that the PTAB interference proceeding could impact this lawsuit. Moreover, Corning argues that Wilson Wolf waited more than six years after learning of the facts underlying the present claims to bring this lawsuit, and that delay undercuts Wilson Wolf's assertion of prejudice now. *See, e.g.*, *Puget BioVentures*, 2017 WL 6947786, at *3 (explaining that a stay pending reexamination in patent cases where a patentee delayed in filing an infringement suit would not constitute undue prejudice). Finally, Corning argues that because this case is a suit for damages, Wilson Wolf could be compensated for any delay. *See, e.g.*, *Intellectual Ventures III LLC v. U.S. Bancorp.*, Civ. No. 13-2071, 2014 WL 5369386, at *4-5 (D. Minn. Aug. 7, 2014) (explaining that

3

the availability of money damages can ameliorate potential undue prejudice); *Schwendimann v. Arkwright Advanced Coating, Inc.*, Civ. No. 11-820, 2013 WL 12140482, at *5 (D. Minn. Dec. 20, 2013) (same).  Second, Corning submits that a stay will likely simplify the issues in this case and, therefore, conserve judicial resources.  Corning argues that the appeal is highly likely to affect some, if not all, of the remaining claims in this action, and that after the Federal Circuit rules on appeal, the judgment will have res judicata or collateral estoppel effect.  Third, Corning submits that the procedural posture of this case weighs in favor of a stay, in particular because discovery is complete and trial will not occur for at least a few more months.

Wilson Wolf opposes Corning's motion.  Wilson Wolf argues that the issue before the PTAB—the patentability of certain claims of the '044 Patent—is narrow and differs from the issues presently before the Court.  Specifically, Wilson Wolf argues that the remaining claims for breach of the CDA and trade secret misappropriation both relate to information that is broader than the patent claims that the PTAB found to be invalid.  In addition, Wilson Wolf points out that the PTAB did not consider Wilson Wolf's inventorship claims.  Thus, Wilson Wolf submits that the present action involves facts and legal standards that are different from those before or to be applied by the Federal Circuit.  Wilson Wolf maintains that Wilson provided information to Corning that the PTAB did not consider, including alleged trade secret combinations that are not recited in the '044 Patent.  In sum, Wilson Wolf argues that a stay will not simplify the issues in this case because the present claims do not turn on the scope of the '044 Patent method claims.  Instead, Wilson Wolf argues that the Federal Circuit will consider:  (1) an issue

4

of patentability that does not address the full scope of the information that Wilson Wolf provided under the CDA and does not apply the terms of the CDA or Minnesota contract law; and (2) a narrow issue of patentability that does not address the trade secret combinations disclosed to Corning and does not apply Minnesota trade secret law. In addition, Wilson Wolf argues that the inventorship claim in this case involves issues different than those being considered by the Federal Circuit. Finally, Wilson Wolf argues that the procedural posture of this case, having progressed through discovery and being trial-ready, strongly disfavors a stay, and that it would be unduly prejudiced by a stay.

After careful consideration of the parties' arguments, the relevant factors, and based on the circumstances of the present case, the Court determines that a stay here is warranted. While the issues before the Federal Circuit and those before the Court in this action are not identical, it is apparent that there is significant overlap. The Federal Circuit's review of the PTAB's Judgment regarding the '044 Patent could simplify the issues in the present case by resolving a number of factual issues relevant to the remaining claims. The Court concedes that this litigation has been protracted and complex and is mindful of further delay. However, the Court believes that the most prudent course forward is to allow the appeal of the PTAB's Judgment currently pending before the Federal Circuit to be completed. Once the Federal Circuit rules on the appeal, this Court can rule on the effect of the PTAB's Judgment in the present case. This approach will avoid unnecessary and potentially wasteful proceedings in the interim. Any prejudice caused by a delay would be minimal and outweighed by the avoidance of unnecessary expenditures in time and money by the parties, as well as the Court's

5

resources, in proceeding to trial when the Federal Circuit's decision could streamline the issues in this case.

## II. Motion for Interlocutory Appeal

Corning also asks the Court to certify the issue of the judgment's finality for immediate appeal. Corning submits that the issue of an agency judgment's finality for purposes of preclusion is a controlling question of law, there is a substantial ground for difference of opinion on the issue, and interlocutory appeal would materially advance the litigation.

Section 1292(b) creates a narrow exception to the final judgment rule and allows district courts to certify orders for interlocutory appeal if certain criteria are satisfied and the district court determines that certification is appropriate. *See* 28 U.S.C. § 1292(b); *see also TCF Banking & Sav., F.A. v. Arthur Young & Co.*, 697 F. Supp. 362, 366 (D. Minn. 1988). The statute provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b). Section 1292 is "to be used only in extraordinary cases where decision of an interlocutory appeal might avoid protracted and expensive litigation. It was not intended merely to provide review of difficult rulings in hard cases." *Union Cty., Iowa v. Piper Jaffray & Co.*, 525 F.3d 643, 646 (8th Cir. 2008) (citation omitted). Thus, a motion for certification for interlocutory appeal "must be granted sparingly, and the

6

movant bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994) (noting that "[i]t has . . . long been the policy of the courts to discourage piece-meal appeals because most often such appeals result in additional burdens on both the court and the litigants") (citation omitted).

Here, Corning has not met its burden of demonstrating that immediate appeal on the issue of finality is warranted. In light of the Court's decision to stay this action pending the Federal Circuit's review of the PTAB Judgment, any interlocutory review of this issue will be mooted when the Federal Circuit issues its decision. Thus, interlocutory review of the finality issue would not advance the termination of the litigation.

## ORDER

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Corning's Motion for a Stay of Proceedings and for Certification under 28 U.S.C. § 1292(b) (Doc. No. [537]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. Corning's motion is **GRANTED** as to the stay, and this case is **STAYED** pending the Federal Circuit's review of the PTAB Judgment; and

    b. Corning's motion is **DENIED** as to the request for interlocutory review pursuant to 28 U.S.C. §1292(b).

Dated: September 27, 2018          s/Donovan W. Frank
                                   DONOVAN W. FRANK
                                   United States District Judge

7