**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

John R. Wilson and Wilson
Wolf Manufacturing Corporation,

Civil No. 13-210 (DWF/TNL)

Plaintiffs,

v.

**PRETRIAL ORDER**

Corning, Inc.,

Defendant.

This matter came before the Court for a pretrial hearing on July 13, 2022. At the pretrial hearing, the Court heard, among other things, the parties' respective motions *in limine*. Based upon the memoranda, pleadings, and arguments of counsel, and for the reasons explained during the hearing, the Court hereby enters the following:

**ORDER**

1.     Plaintiffs' Motion *in Limine* #1 to Preclude Corning from Introducing Evidence of Alleged Invention of the Subject Matter of the '209 Patent Prior to September 9, 2004 (Doc. No. [685]) is **DENIED**. Assuming proper foundation being laid and subject to objections at trial, this evidence survives the Court's Article 4 analysis.

2.     Plaintiffs' Motion *in Limine* #3 to Preclude Corning's Damages Expert From Speculating About the Potential Effect of Undisclosed Potential Future Products (Doc. No. [686]) is **provisionally GRANTED**. This evidence is presumptively inadmissible unless and until the relevance of such evidence is made clear to the Court

and such relevance survives a Rule 403 analysis.  The Court will entertain a motion to introduce such evidence, should it become appropriate based on testimony received at trial.

3.      Plaintiffs' Motion *in Limine* #4 to Exclude Testimony from Undisclosed Experts (Doc. No. [687]) is **provisionally DENIED**.  This evidence is presumptively admissible.  Assuming proper foundation is laid and subject to objections at trial, the Court concludes that this testimony survives the Court's Article 4 and Article 7 analysis.

4.      Plaintiffs' Motion *in Limine* #5 to Preclude Corning From Introducing Testimony or Other Evidence Relating to Wilson Wolf Prototypes Maintained in Corning's Possession (Doc. No. [688]) is **DENIED**.  Assuming proper foundation being laid and subject to objections at trial, this evidence survives the Court's Article 4 analysis.

5.      Plaintiffs' Motion *in Limine* #6 to Preclude Corning from Testifying About the Section of COR004703A Improperly Withheld as Privileged (Doc. No. [689]) is **provisionally GRANTED**.  This evidence is presumptively inadmissible unless and until the relevance of such evidence is made clear to the Court (i.e., to rebut and provide context) and such relevance survives a Rule 403 analysis.  The Court will entertain a motion to introduce such evidence, should it become appropriate based on testimony received at trial.

6.      Plaintiffs' Motion *in Limine* #7 to Preclude Defendant from Challenging Plaintiffs' Media Sales Calculations (Doc. No. [690]) is **DENIED**.  Plaintiffs allege that Defendant refused to produce any information about the actual media sales during fact

and expert discovery.  Defendant alleges that Plaintiffs' discovery requests did not

mention media sales.  Defendant also alleges that media is not sold in conjunction with

the HYPER products.  Consequently, the fact issue has been created of whether such

media sales are "convoyed" sales.  Given the objections and issues raised by both

Plaintiffs and Defendant, the Court concludes that fact issues remain that go to issues of

both credibility and foundation.

7.      Plaintiffs' Motion *in Limine* #8 to Exclude Corning Testimony Regarding

Cell Culture Media Sales (Doc. No. [691]) is **provisionally DENIED**.  This evidence is

presumptively admissible as Plaintiffs' objection goes to weight and not admissibility.

Moreover, this testimony survives the Court's Article 4 and Article 7 analysis.

8.      Plaintiffs' Motion *in Limine* #9 to Preclude Corning from Addressing

Plaintiffs' Voluntary Dismissal of Patent Infringement Claims and Unpled Inequitable

Conduct Defense (Doc. No. [692]) is **provisionally GRANTED**.  This evidence is

presumptively inadmissible pursuant to the Court's Article 4 analysis, including

Rule 403.  The Court reserves the right to revisit and address this issue if either party

"opens the door."

9.      Plaintiffs' Motion *in Limine* #10 to Exclude Certain Non-Public Documents

Produced by Corning After the Close of Fact Discovery (Doc. No. [693]) is **DENIED as**

**premature**.  This is another situation where Plaintiffs have alleged discovery violations

and the Defendant has either denied the violations or indicated the information has been

with Plaintiffs for almost six years.  There is a specific issue relating to a 68-page

notebook prepared by Defendant's employee David Kenney.  Consistent with its ruling,

the Court reserves the right to address any issue related to this document or other

documents alleged to be non-public documents based upon testimony at trial.

10.     Plaintiffs' Motion *in Limine* #11 to Exclude Evidence Related to a

Microcassette Recording (Doc. No. [694]) is **DEFERRED** until such time as the Court

has listened to and reviewed the recording.  The Court will then make a decision on

Plaintiffs' motion.

11.     Plaintiffs' Motion *in Limine* #12 Exclude Evidence and Testimony

Regarding United States Patent Office Interference Proceeding No. 106,060 (Doc.

No. [695]) is **provisionally GRANTED**.  This evidence is presumptively inadmissible

pursuant to the Court's Article 4 analysis, including Rule 403.  The Court reserves the

right to revisit and address this issue if either party "opens the door."  In light of the

Defendant's response to Plaintiffs' Motion *in Limine* #12, the Court anticipates this issue

coming up when Mr. Wilson testifies, depending on the opinions that he offers and in the

event his testimony is alleged to be contrary to either his testimony during the

Interference proceeding or with the position taken by the United States Patents Office.

12.     Plaintiffs' Motion *in Limine* #13 to Exclude Testimony as to the Date of

COR008164-72, Pursuant to Federal Rules of Evidence 602 and 901 and Federal Rules of

Civil Procedure 37(C)(1) (Doc. No. [696]) is **DENIED**.  Assuming proper foundation

being laid and subject to objections at trial, this evidence survives the Court's Article 4

analysis.

13.     Plaintiffs' Motion *in Limine* #14 to Exclude Corning's Supplementation

Consisting of Previously Unproduced Sales, Cost, and Profit Information (Doc.

No. [697]) is **DENIED AS MOOT** in light of the Court's ruling on Corning's Motions in Limine Nos. 10 & 14.

14.     Plaintiffs' Motion *in Limine* #15 to Exclude the First and Second Supplemental Reports of Defendant Corning, Inc.'s Damages Expert, Frances M. McCloskey (Doc. No. [698]) is **DENIED**.  While the court acknowledges the rebuttal report deadline issue raised by Plaintiffs along with new opinions and asserted new methodology, the Court finds that these issues go to the weight and credibility to be given to the evidence assuming that proper foundation is established for the admissibility of the opinions of Frances L. McCloskey.

15.     Plaintiffs' Motion *in Limine* #16 to Exclude the Supplemental Expert Reports of Charles Crespi and Eric Simon (Doc. No. [699]) is **DENIED**.  Given the allegations of both Plaintiffs and Defendant, the Court views these issues as fact issues with respect to the relationship of the '044 Patent, the alleged trade secrets and confidential information Plaintiffs have identified as a basis for its claims in the case. Consequently, especially given the fact that it is a Court trial, these issues will likely go to the weight to be given to the evidence rather than its admissibility and outright exclusion subject to objections being made and Rule 104 offers of proof depending on the direct and cross-examination of witnesses whether called by Plaintiffs or Defendant.

16.     Corning's Motion *in Limine* #1 (to exclude evidence of trade secrets and/or misappropriation; or, at a minimum, to limit any references to and evidence of alleged "trade secrets" or misappropriation to those allowed by this Court's prior summary judgement rulings (Doc. Nos. 388, 461)) (Doc. No. [728]) is **GRANTED IN PART**

**AND DENIED IN PART** as follows:  In the context of the Court's prior rulings (Doc. at

388 at 22-26; Doc. at 461 at 4 n.4) and consistent with the Court's analysis of Article 4 of

the Federal Rules of Evidence, Plaintiffs' trade secret evidence and arguments regarding

combinations, are limited to those asserted within Wilson's '651 and '814 applications

and identified in Interrogatory No. 1.  Furthermore, the Court will require the parties to

meet and confer and for Plaintiffs to reduce the number of alleged trade secret

combinations they wish to try.  The Court reserves the right of each party to address that

issue before the Court in a Rule 104 offer of proof.

17.     Corning's Motion *in Limine* #2 (to exclude evidence of and references to

disclosures that were never marked "confidential") (Doc. No. [728]) is **provisionally**

**GRANTED**.  This evidence is presumptively inadmissible pursuant to the Court's

Article 4 analysis, including Rule 403.

18.     Corning's Motion *in Limine* #3 (to exclude evidence of and arguments

regarding uses of information permitted by the CDA attached to Plaintiffs' summary

judgment briefing (Doc. No. 314, Young Decl. Exs. 3 (testimony cited), 4, 8, 10, 13-17,

19-21, 23-27, 29-30, 31 (testimony cited), 35-41, 44-47, 49-50, 52-53) (Doc. No. [728])

is **provisionally DENIED**.  Subject to proper foundation being laid, this evidence is

presumptively admissible pursuant to the Court's Article 4 analysis, including Rule 403.

19.     Corning's Motion *in Limine* #4 (to exclude evidence of and arguments

relating to alleged contract breaches not pleaded or inconsistent with pleaded allegations)

(Doc. No. [728]) is **provisionally GRANTED**.  This evidence is presumptively

inadmissible pursuant to the Court's Article 4 analysis, including Rule 403.  In light of

the Court's earlier ruling in Doc. No. 461, p. 34, in the event there are objections to the scope or nature of the testimony of Mr. Wilson, the Court will address those issues at that time during the trial including a Rule 104 offer of proof by either Plaintiffs or Defendant.

20.   Corning's Motion *in Limine* # 5 (to exclude testimony regarding promises to commercialize) (Doc. No. [728]) is **provisionally GRANTED**.  This evidence is presumptively inadmissible pursuant to the Court's Article 4 analysis, including Rule 403.

21.   Corning's Motion *in Limine* #6 (to exclude evidence of and arguments that would relitigate the final judgment of the Patent Trial & Appeal Board or its finding that the Toner patent teaches multi-level static cell-culturing devices using gas-permeable membranes) (Doc. No. [728]) is **provisionally GRANTED**.  This evidence is presumptively inadmissible pursuant to the Court's Article 4 analysis, including Rule 403.

22.   Corning's Motion *in Limine* #7 (to exclude extended testimony of John R. Wilson's other business ventures) (Doc. No. [728]) is **provisionally GRANTED**.  This evidence is presumptively inadmissible pursuant to the Court's Article 4 analysis, including Rule 403.  However, given the Court's earlier ruling (Doc. No. 461 at pp. 36-37, the Court will consider a Rule 104 offer of proof from Plaintiffs' counsel addressing the admissibility of Wilson's testimony involving a discussion of his G-Rex production as part of establishing his credentials.   (See Doc. No. 461 at 37 with respect to the Court's ruling on this issue.)

23.     Corning's Motion *in Limine* #8 (to exclude evidence or testimony of impressions or testing of the "Vertical Bag" (later commercialized by Wilson Wolf as the G-Rex)) (Doc. No. [728]) is **provisionally DENIED**.  Subject to proper foundation being laid, this evidence is presumptively admissible pursuant to the Court's Article 4 analysis, including Rule 403.  Assuming proper foundation is established, this issue goes to the weight the Court should afford, if any, to the testimony, not its admissibility.

24.     Corning's Motion *in Limine* #9 (to exclude evidence of Corning's estimated profits over the lifespan of its patents because such a theory is preempted) (Doc. No. [739]) is **provisionally DENIED**, consistent with the Court's prior ruling (Doc. No. 461 pp. 22-30) and subject to proper foundation being laid, this evidence shall be presumptively admissible pursuant to the Court's Article 4 and Article 7 analysis.

25.     Corning's Motion *in Limine* #10 (to exclude evidence of remedies not temporally limited as required by law, including remedies beyond a five-year restriction period and any remedies seeking disgorgement of unrealized gains) (Doc. No. [739]) is **DENIED.**  Consistent with the Court's earlier analysis (Doc. 461 at 22-30) subject to proper foundation being laid, this evidence is presumptively admissible pursuant to the Court's Article 4 and Article 7 analysis.  Once all evidence has been submitted to the Court at trial, if there remains an issue about the proper measure of damages, the Court will let counsel address that issue at that time.

26.     Corning's Motion *in Limine* #11 (to preclude Wilson Wolf from offering evidence of Corning's profits as a remedy for breach of contract) (Doc. No. [739]) is **provisionally DENIED** to the extent plaintiff is seeking unjust enrichment and

compensatory damages for trade secret misappropriation and breach of contract.

Consistent with the Court's earlier ruling (Doc. No. 461 at 22), subject to proper

foundation being laid, this evidence is presumptively admissible pursuant to the Court's

Article 4 and Article 7 analysis.

27.     Corning's Motion *in Limine* #12 (to exclude evidence of profits of media

sales) (Doc. No. [739]) is **provisionally GRANTED**.  This evidence is presumptively

inadmissible pursuant to the Court's Article 4 analysis, including Rule 403.

28.     Corning's Motion *in Limine* #13 (to exclude references to hypothetical

contracts) (Doc. No. [739]) is **GRANTED**.

29.     Corning's Motion *in Limine* #14 (to exclude remedies not disclosed in

discovery) (Doc. No. [739]) is **GRANTED**.  This evidence is inadmissible pursuant to

the Court's Article 4 analysis, including Rule 403.

30.     Corning's Motion *in Limine* #15 (to exclude John Wilson's testimony

regarding oral conversations because plaintiffs destroyed his recordings of those

conversations) (Doc. No. [747]) is **provisionally DENIED**.  Subject to proper foundation

being laid, this evidence is presumptively admissible pursuant to the Court's Article 4

analysis, including Rule 403.  However, based upon the testimony presented during the

trial including the direct and cross-examination of John Wilson, the Court reserves the

right to draw adverse inferences where warranted.

31.     Corning's Motion *in Limine* #16 (to preclude references to "inventorship"

claims that the parties agree are beyond the issues for the jury) (Doc. No. [747]).  It is the

Court's understanding that now that this matter is proceeding to a trial before the Court

and not a jury, that this issue will be presented to the Court.  In the event either party

wants to be heard by way of an additional Rule 104 offer of proof, the Court will take this

up at the time of trial or prior to trial.

        32.     Corning's Motion *in Limine* #17 (to exclude references to John Wilson as

the Plaintiff for the inventorship claims) (Doc. No. [747]) is **provisionally DENIED**.

Subject to proper foundation being laid, this evidence is presumptively admissible

pursuant to the Court's Article 4 analysis, including Rule 403.

        33.     Corning's Motion *in Limine* #18 (to exclude improper opening statement

and arguments of counsel) (Doc. No. [747]) is **provisionally DENIED**, given that this

will be a Court trial, and subject to any objections respective counsel make during

opening statements.

        34.     Corning's Motion *in Limine* #19 (to preclude argument and evidence of

Corning's size and wealth) (Doc. No. [747]) is **provisionally DENIED**.  Subject to

proper foundation being laid, this evidence is presumptively admissible pursuant to the

Court's Article 4 analysis, including Rule 403.

        35.     Corning's Motion *in Limine* #20 (to preclude argument and evidence about

discovery disputes) (Doc. No. [747]) is **provisionally DENIED**.  Given the number of

arguments by both parties involving asserted discovery violations, the Court will evaluate

such disputes as they arise and will reserve the right to draw adverse inferences where

appropriate.

Dated:  July 21, 2022               s/Donovan W. Frank
                                          DONOVAN W. FRANK
                                          United States District Judge